**James Joseph OWENS–EL, Appellant,**

v.

**U.S. ATTORNEY GENERAL; Mr. Chadwick; Sally Johnson; Jesse James, Appellees.**

**No. 84–6241.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1985.

Decided April 9, 1985.

Kenneth A. Zick, Associate Dean, Wake Forest University School of Law, Winston Salem, N.C., Anna Mills S. Wagoner, Third Year Law Student (Terry D. Horne, Third Year Law Student on brief), for appellant.

Stephen A. West, Asst. U.S. Atty. (Samuel T. Currin, U.S. Atty., Raleigh, N.C., on brief), for appellees.

Before RUSSELL and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

Within six months of denial of his administrative claim of medical malpractice, the plaintiff, a federal prisoner, filed a complaint against the United States under the Federal Tort Claims Act. Although the

complaint specifically alleged that it was brought under the Federal Tort Claims Act and though no state action of any kind was alleged, someone in the office of the Clerk of Court for the Eastern District of North Carolina misconstrued the complaint as asserting a claim under 42 U.S.C. § 1983. The complaint was not filed, but was returned to the plaintiff for refiling on forms prescribed by local rule 11, dealing with civil rights actions by state prison inmates under § 1983. Complying with the instructions, the plaintiff refiled his claim on the § 1983 form, naming the Attorney General as the defendant. Later, pursuant to the court's instructions, he added as defendants the individuals whom he charged with malpractice. Still later, he sought to amend his complaint by adding the United States as a party defendant, but this was several months after the six months limitation period of the Federal Tort Claims Act had run.

The complaint was then dismissed insofar as it alleged a claim under the Federal Tort Claims Act under Federal Rule of Civil Procedure 15(c) because the United States had had no notice of the commencement of the action until after the expiration of the six month limitation period.

· We reverse the dismissal of that claim, but affirm the granting of summary judgment in favor of the individual defendants on the constitutional claim.

On its face, the initial complaint appears to have stated a claim under the Tort Claims Act. After a positive reaction to a tuberculosis test administered to him in prison, a drug known as INH was prescribed for him. It has a possible side effect of serious hepatitis. He was kept on the drug for some four months, though a month and a half before its discontinuance a chest x-ray had shown no sign of tuberculosis. It was discontinued when he developed INH-induced toxic hepatitis.

■ We do not think we need analyze the problem under Rule 15(c). The original complaint, tendered for filing within the six month limitation period, properly alleged a claim under the Federal Tort Claims Act, and the United States was properly named as the party defendant. All of the missteps that were thereafter taken flowed from the misconstruction of the complaint by the District Court's Clerk's office. It was not the result of any fault or neglect on the plaintiff's part that he recast his complaint to name as defendants the Attorney General and the individual health care personnel responsible for his treatment.*

We see no need to visit the consequence of the Clerk's error upon the plaintiff. His original complaint properly asserted an action against the United States under the Tort Claims Act. His substitution of the defendants was in compliance with the directions of the Clerk and of the Court. While some months passed before the plaintiff again attempted to bring in the United States as a defendant, there is no suggestion that the United States has been prejudiced in any way by the delay in receipt of notice of the action. In the absence of any such prejudice, the complaint should be treated as having been filed when first tendered when there was still ample time to have procured proper service upon the United States.

■ While dismissing the Federal Tort Claims action, the district judge was of the opinion that the complaint might be construed as a claim under the Eighth Amendment of cruel and unusual punishment. If it might be so construed, entry of summary judgment on that claim was proper. The complaint does not allege conscious or deliberate indifference to the plaintiff's serious medical needs. At most, it alleges negligence in prescribing the drug or in continuing its administration after a chest x-ray proved negative for tuberculosis and

---

\* In the letter returning the original complaint to him, the plaintiff was also instructed to provide five additional copies of the complaint. If there had been any deficiency in the original tender of the Federal Tort Claims Act complaint because of a lack of sufficient copies, there would have been ample time to correct that deficiency, if only he had been told of it. Things went awry only because he was instructed to recast his complaint on the § 1983 forms.

until the plaintiff had contracted hepatitis. The claim is not of constitutional dimension.

REVERSED IN PART; AFFIRMED IN PART.